FILED

MAY 0 2 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARA DEXTER, in her capacity as
personal representative of the estate of
JOHN GEISS,

        Plaintiff,

CV 09-493-PK

OPINION AND ORDER

HOMECOMINGS FINANCIAL,
L.L.C., SECURITY MORTGAGE
LENDERS INC., RESIDENTIAL
MORTGAGE FUND, INC.,

        Defendants.

PAPAK, Judge:

        Plaintiff Sara Dexter pursues this action as personal representative of the estate of her now-deceased father, John Giess, who allegedly fell victim to predatory mortgage brokers and lenders during the refinance of his home. The suit names two mortgage brokers as defendants: Security Mortgage Lenders Inc. ("Security") and Residential Mortgage Fund, Inc.

Page 1 - OPINION AND ORDER

("Residential"). On January 14, 2011, Dexter filed a motion for default judgment (#37) against Security and Residential for net actual damages pursuant to the Oregon Mortgage Broker and Banker's Act civil liability provisions, Or. Rev. Stat. 86A.151(2). Dexter's motion also generally requested "an award of attorney fees, costs and disbursements against each defendant" pursuant to Or. Rev. Stat. 86A.151(7). On February 2, 2011, United States District Judge James A. Redden signed a judgment of default against Security and Residential, which was entered the same day. (#49.) A month later, on March 2, 2011, Dexter filed a motion for attorney fees in the amount of $18,293.17 and costs in the amount of $1,413.95 against Security and Residential pursuant to Fed. R. Civ. P. 54. (#63.) Neither Security nor Residential responded. Dexter's motion for attorney fees and costs is now before this court. For the reasons stated below, Dexter's motion is denied.

A claim for attorney fees and related nontaxable expenses must be made by motion "filed no later than 14 days after the entry of judgment" unless otherwise provided by statute or court order. Fed. R. Civ. P. 54(d)(2). No statute, court order, or local rule of this district changes the timing requirements of Rule 54(d)(2) for filing a motion for attorney fees and costs. The district court entered default judgment in this case on February 2, 2011 and plaintiff filed her motion for attorney fees and costs 28 days later, on March 2, 2011. Plaintiff did not file a motion to extend the time for claiming attorney fees and costs, either before or after the 14-day deadline passed. Nor does plaintiff's current motion acknowledge the untimeliness of her filing or attempt to explain why the late filing should be excused. Failure to file a motion for attorney fees within the prescribed time period waives a party's right to request fees. *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1121-1122 (9th Cir. 2004); *Kona Enters., Inc. v. Estate of Bishop*,

Page 2 - OPINION AND ORDER

229 F.3d 877, 889-90 (9th Cir. 2000). Accordingly, I deny Dexter's motion for attorney fees and costs (#63).

IT IS SO ORDERED.

Dated this 29th day of April, 2011.

Honorable Paul Papak
United States Magistrate Judge