FILED

MAY 0 4 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARA DEXTER, in her capacity as
personal representative of the estate of
JOHN GEISS,

        Plaintiff,

                            CV 09-493-PK

                            FINDINGS AND
                            RECOMMENDATION

HOMECOMINGS FINANCIAL,
L.L.C., SECURITY MORTGAGE
LENDERS INC., RESIDENTIAL
MORTGAGE FUND, INC.,

        Defendants.

PAPAK, Judge:

    Plaintiff Sara Dexter pursues this action as personal representative of the estate of her

deceased father, John Giess, who allegedly fell victim to predatory mortgage brokers and lenders

during the refinance of his home.   Now before the court is Dexter's motion for attorney fees and

Page 1 - FINDINGS AND RECOMMENDATION

costs (#63).   This Court's previous opinion and order (#74) denying Dexter's motion is

withdrawn.  For the reasons stated below, Dexter's motion should be granted and Dexter should

be awarded attorney fees in the amount of $18,293.17 and costs in the amount of $1,413.95.

## BACKGROUND

Dexter's suit originally named as defendants two mortgage brokers, Security Mortgage

Lenders Inc. ("Security") and Residential Mortgage Fund, Inc. ("Residential"), as well as the

lender, Homecomings Financial L.L.C. ("Homecomings").[1]  The  complaint alleged several state

and federal law claims against Security and Residential, including violation of the Oregon

Mortgage Broker and Banker's Act civil liability provisions, Or. Rev. Stat. 86A.151(2).[2]

Security and Residential failed to answer.  Consequently, on January 14, 2011, Dexter filed a

motion for default judgment (#37) against Security and Residential for net actual damages

pursuant to the Oregon Mortgage Broker and Banker's Act civil liability provisions, Or. Rev.

Stat. 86A.151(2).  Dexter's motion also generally requested "an award of attorney fees, costs and

disbursements against each defendant" pursuant to Or. Rev. Stat. 86A.151(8).

On February 2, 2011, United States District Judge James A. Redden signed a judgment of

default against Security and Residential, including an award of Dexter's costs and reasonable

attorney fees. (#49.)  On February 16, 2011, this Court granted Dexter's unopposed motion for

---

[1] Subsequently, I granted Dexter leave to amend her complaint to add as defendants the
bond issuers for Security and Residential and the financial institution currently holding the loan
originated by Homecomings.

[2] The complaint also alleged several federal law claims against Homecomings, which are
still being litigated.  All but one of those claims– the claim for rescission of the loan under the
Truth in Lending Act– were also alleged against the mortgage broker defendants.

Page 2 - FINDINGS AND RECOMMENDATION

an extension of time to file her motion for attorney fees. (#57.)  On March 2, 2011, Dexter filed

a motion for attorney fees in the amount of $18,293.17 and costs in the amount of $1,413.95

against Security and Residential pursuant to Fed. R. Civ. P. 54. (#63.)  On May 2, 2011, this

Court issued an opinion and order denying Dexter's motion for attorney fees and costs as

untimely, based on its mistaken belief that Dexter failed to seek an extension of time to file her

motion.

Dexter's attorney fee and cost requests correspond to the efforts of two different attorneys

who worked on separate but interrelated aspects of this case.  First, Dexter requests $14,465 for

52.6 hours of time spent by Hope Del Carlo, a staff attorney at the Oregon Law Center

specializing in consumer mortgage litigation, for her representation in this federal court action.

Del Carlo supports Dexter's request with contemporaneous billing entries and seeks

compensation at the rate of $275 per hour for time spent on Dexter's claims against Security and

Residential.  Del Carlo also includes in her request time spent assisting with probate-related tasks

after Giess' death, which occurred in the middle of this case.  Second, Dexter seeks $3,828.17 for

time spent by Julie Lohuis, an attorney at two successive elder law firms, for her administration

of Giess' estate.  Lohuis also provides contemporaneous billing entries and seeks compensation

at rates ranging from $185 to $200 per hour.  The $1,413.95 in costs sought by Dexter also relate

both to the federal court and the probate cases.  Dexter requests $420 in costs associated with

federal court filings and $993.95 in costs associated with probate.  Neither Security nor

Residential responded to Dexter's motion.

//

//

Page 3 - FINDINGS AND RECOMMENDATION

## STANDARDS

In general, where the district court exercises its subject matter jurisdiction over a state law claim, it should apply state law to the issue of attorney fees, so long as state law does not contradict federal law. *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). That principle also holds for attorney fees on state law claims over which the court has supplemental jurisdiction. *See Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ( "The *Erie* principles apply equally in the context of pendent jurisdiction.").

Under Oregon law, the courts award attorney fees following the factors specified in Oregon Revised Statute section 20.075. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or. 185, 188, 957 P.2d 1200 (1998) (citing Or. Rev. Stat. § 20.075(2)). Subsection (1) focuses on factors to consider in determining whether to award fees, although courts must also consider these factors in determining the reasonableness of the requested fees:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Page 4 - FINDINGS AND RECOMMENDATION

Or. Rev. Stat. § 20.075(1).  Subsection (2) provides additional factors to be considered in

determining the proper amount of fees:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the
> questions involved in the proceeding and the skill needed to properly perform the
> legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular
> employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the
> client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2).  Courts assess the reasonableness of the number of attorney hours

spent by examining the time, labor, skill and difficulty of issues along with the amount involved

and the results obtained.  *Gardner v. Martin*, No. 05-769, 2006 WL 2711777, at * 6 (D. Or. Sept.

19, 2006).  Courts determine the reasonable hourly rate by looking to the fee customarily charged

in the locality and the experience, reputation and ability of the attorneys involved.  *Id.*

The opposing party's objections to the attorney fee award "play an important role" in

framing the issues relevant to the court's decision.  *Id.* at 189.  Even absent objections from the

opposing party, the court has an independent duty to review a fee petition for reasonableness.

*See Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992); *Schumacher v. City of Portland*,

No. 07-601, 2008 U.S. Dist. LEXIS 5443, at *6 (D. Or. Jan. 23, 2008).  The court must provide

"a brief description or citation to the factor or factors on which it relies when granting or denying

an award of attorney fees" but has no obligation "to make findings on other statutory criteria that

play no role in the court's decision."  *McCarthy*, 327 Or. at 188.

Page 5 - FINDINGS AND RECOMMENDATION

## DISCUSSION

### I.    Attorney Fees

Here, the district court entered default judgment against Security and Residential on Dexter's Oregon Mortgage Broker and Banker's Act claim.  Accordingly, I apply Oregon law to Dexter's motion for attorney fees, as described above.  Many of the factors listed in Or. Rev. Stat. § 20.075(1) are not relevant since Security and Residential failed to appear and have been held in default.  Of the factors that apply, I note that factor (a) strongly supports Dexter, who alleges that Security and Residential deceptively steered Dexter's father, a vulnerable and disabled individual, into an unfavorable loan that he could not afford.  Morever, factor (e) supports Dexter, since Security and Residential failed to participate in this proceeding at all, let alone participate diligently.

Similarly, many of the factors listed in Or. Rev. Stat. §20.075(2) are irrelevant to this case.  It appears that Dexter's counsel's representation did not preclude her from taking on other cases.  Or. Rev. Stat. §20.075(2)(b).  The case did not impose unusual time limitations. §20.075(2)(e).  Dexter's counsel does not assert that she had a longstanding relationship her client.  §20.075(2)(f).  Finally, Dexter's counsel did not utilize a contingent fee agreement. §20.075(2)(h).  The following factors, however, are relevant, and all support Dexter's attorney fee petition.

### A.    (a) & (d)  Time and Labor Required, the Novelty and Difficulty of the Questions Involved and the Skill Needed, the Amount Involved and the Results Obtained

Several aspects of this case that suggest that Dexter's requested fees are reasonable.  First,

Dexter obtained a favorable outcome through the default judgment against Security and

Residential, although that aspect of the litigation was not especially complex.  Second, Dexter

only seeks compensation for hours that attorney Hope Del Carlo declares were necessary to

Dexter's claims against the mortgage brokers.  (Del Carlo Decl., #54, ¶5.)  Morever, even

though Dexter sought default judgment based on only one of the five claims she alleged against

the mortgage brokers, there is no need to further apportion the attorney fees between those

multiple claims, since all the claims against the brokers shared the common legal issues of the

brokers' allegedly deceptive business tactics.  *See Bennett v. Baugh*, 164 Or. App. 243, 247-48,

990 P.2d 917 (1999) (court must apportion attorney fees between claims where fees are

authorized and claims where they are not, except when the claims involve common legal issues).

Further, the amount of the Del Carlo's billings arguably unrelated to claims against the brokers–

i.e., the portion of time spent drafting the complaint attributable to the single claim alleged only

against the lender– is so small as to be negligible.  Finally, since John Giess' death in the midst

of this action necessitated initiation of probate proceedings and the appointment of a personal

representative, Lohuis' fees pertaining to the administration of Giess' estate are also reasonable.

**B.    (c) & (g) The Fee Customarily Charged in the Locality for Similar Legal**

**Services and the Experience, Reputation and Ability of the Attorneys**

The courts of this district use the most recent Oregon State Bar Economic Survey as a

benchmark to determine the fee customarily charged in the locality and adjust the survey rates for

inflation between the date the survey was published and the date the legal services were

performed.  *Schumacher*, 2008 U.S. Dist. LEXIS 5443, at *8-9 (citing *Bell v. Clackamas County*,

341 F.3d 858, 868 (9th Cir. 2003).  The most recent Oregon State Bar economic survey was

Page 7 - FINDINGS AND RECOMMENDATION

published in December 2007[3] and the average rate of inflation from 2007 to 2010 rounds to two

percent.[4]

Based on the 2007 Economic Survey, Del Carlo's $275 per hour rate is at the 75th

percentile for attorneys with the same experience in Portland, and is exactly at the median for

business litigation attorneys in Portland.  Similarly, Lohuis' rate of between $185 and $200 per

hour is at or below the 25th percentile for attorneys with the same experience in Portland and at

or below the 25th percentile for estate planning attorneys in Portland.   Thus, these hourly rates

are reasonable even based on 2007 survey data.  Since I award fees for Del Carlo's work in 2009-

2011 and Lohuis's work in 2010, both attorney's fees are even more reasonable after accounting

for inflation since the publication of the survey.  Moreover, both Del Carlo and Lohuis are

leaders in their respective practice areas, authoring articles and presenting at continuing legal

education events.  In summary, Dexter may recoup $14,465.00 for Del Carlo's time and

$3,828.17 for Lohuis' time, for a total of  $19,293.17.

## II.    Costs

In the order of default judgment, Judge Redden awarded costs to Dexter.  (#49.)  Now,

Dexter specifically seeks $1,413.95 in costs, comprised of $350 in federal court filing fees, $70

in service costs for both defendants, $477 in probate court filing fees, $502 in probate publication

---

[3] The Oregon State Bar Economic Survey is available at:
http://www.osbar.org/surveys_research/snrtoc.html.  Dexter's counsel submitted the 2007survey
as well as the Oregon State Bar Business Litigation Section Hourly Rate Survey, dated June
2008, in support of Dexter's fee petition.  My figures derive only from the 2007 Economic
Survey.

[4]The Consumer Price Index is available on the Bureau of Labor Statistics web site at:
http://www.bls.gov/CPI/.

costs, and a $14.95 probate process service fee. Since Dexter is the prevailing party in her action

against Security and Residential, she is entitled to the costs described above. *See* Fed. R. Civ. P.

54(d)(1).


## CONCLUSION

This Court's previous opinion and order (#74) denying Dexter's motion is withdrawn.

For the reasons stated above, Dexter's motion for attorney fees and costs (#63) should be granted

and Dexter should be awarded attorney fees in the amount of $18,293.17 and costs in the amount

of $1,413.95.


## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 4th day of May, 2011.

Honorable Paul Papak
United States Magistrate Judge


Page 9 - FINDINGS AND RECOMMENDATION